PER CURIAM.
In this first degree murder case the State proceeded on alternate theories of premeditated murder and felony murder, with robbery being the underlying felony. During the trial, the State presented ample evidence of appellant’s motive to commit the murder and the robbery. By demonstrating numerous conflicting statements made by appellant to the police and others, the State produced evidence that raised significant questions about appellant’s credibility, and in turn, about his hypothesis of innocence ultimately advanced at trial. Although the evidence concerning premeditation and robbery was circumstantial, the trial court did not err by submitting the case to the jury. See State v. Law, 559 So.2d 187 (Fla.1989) (holding that in a circumstantial evidence case the state is not required to rebut conclusively every possible variation of events that could be inferred from the evidence, but is required only to introduce competent evidence that is inconsistent with the defendant’s theory of events; once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.) Appellant’s second point, concerning the prosecutor’s comments during closing argument is completely without merit. See Davis v. State, 698 So.2d 1182 (Fla.1997).
AFFIRMED.
KAHN, WEBSTER and VAN NORTWICK, JJ., CONCUR.